[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12969

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUAN GABRIEL RIOS-SILVA,
a.k.a. Juancho,
a.k.a. Juan,
a.k.a. Papi,

Defendant-Appellant.

_____

2                    Opinion of the Court                    24-12969

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00286-JSM-NHA-1

————————————

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Juan Gabriel Rios-Silva appeals from the district court's September 5, 2024, order denying his motion to dismiss the superseding indictment on speedy trial grounds.

We lack jurisdiction over this appeal because the court's September 5 order rejecting Rios-Silva's speedy trial claim is not final or otherwise appealable. *See* 28 U.S.C. § 1291; *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (explaining that the rule of finality generally "prohibits appellate review until conviction and imposition of sentence"); *United States v. MacDonald*, 435 U.S. 850, 857 & n.6 (1978) (holding that an order rejecting a defendant's speedy trial claim is not final and does not fall under the collateral order doctrine no matter how "extraordinary" the factual circumstances underlying the claim); *United States v. Mulherin*, 710 F.2d 731, 743 (11th Cir. 1983) (holding that three appellants' claims that indictment should be dismissed for failure to comply with the Speedy Trial Act were "outside the scope of an interlocutory appeal"); *United States v. Harris*, 376 F.3d 1282, 1288-90 (11th Cir. 2004)

24-12969              Opinion of the Court                    3

(reviewing a Speedy Trial Act claim on appeal from a final judgment).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.